Carl C. JOHNSON and
Rosina B. JOHNSON
v.
**DEPARTMENT OF REVENUE**
(formerly State Tax Commission)

Docket No. 75031

Appellate Tax Board
Trial Court of the
Commonwealth of Massachusetts

**July 22, 1981**

**Byron E. Woodman, Jr., Esq.,** for the appellants.
**Peter J. Murphy, Esq.,** for the appellee.

This is an appeal under the formal procedure pursuant to G.L. c. 62, sec. 45, now 62C, sec. 39(c), from a decision of the State Tax Commission denying an abatement of taxes with respect to income received by the appellants during the calendar year 1973.

These findings of fact and report are made pursuant to a request by the appellants under G.L. c. 58A, sec. 13, as amended, and Rule 32 of the Rules of Practice and Procedure of the Appellate Tax Board.

### FINDINGS OF FACT AND REPORT

For tax year 1973, the year at issue, appellants, residents of Massachusetts, filed a timely joint state income tax return on or before April 15, 1974. On August 27, 1974, the appellee notified the appellants of its intention to assess an additional tax and this was subsequently done on October 15, 1974 in an amount of $3,422.25 plus interest of $159.82.

Appellants filed an application for abatement on November 18, 1974 and paid the additional tax plus interest on November 26, 1974. The application for abatement was denied by notice dated January 7, 1975 and appellants filed a petition with this board on January 27, 1975. Based upon the above-enumerated facts, the board finds that it has jurisdiction in this matter.

The appellants had a gain from the sale of vacant land in July 1970. The sale price was $180,000, consisting of $45,000 cash and a promissory note payable in three equal installments of $45,000 in 1971, 1972 and 1973. They reported the gain on the installment basis under I.R.C. sec. 453 for federal purposes, but did not report the gain as income on their Massachusetts return because it was not then taxable in 1970. This same tax treatment was accorded to the remainder of the payments in the year when received.

The parties filed a Stipulation of Facts, a copy of which is attached hereto and marked A, and to the extent not yet found, the board specifically finds as facts all those presented in the 18 enumerated paragraphs.

Based on all of the evidence, the foregoing general and subsidiary findings of fact, we find that the amount received by the appellants in 1973 was properly includible on their state income tax for that year.

## OPINION

Two issues are raised by this appeal: (1) Did appellee correctly include in Massachusetts gross income an amount of capital gain realized by the appellants in 1973?; and (2) Was this application of M.G.L. c. 62 to the appellants constitutional?

Massachusetts General Laws c. 62, sec. 2(a), inserted by c. 723 of the Acts of 1973, defines ''Massachusetts gross

Revenue Code as amended on January 1, 1971; G.L. c. 62, secs. 1(d) & 1(c).

It is agreed that prior to the amendment in 1973 the gain from this sale was not taxable and appellants properly did not report it in Massachusetts. Since the gain received by the appellants in 1973 was part of their ''federal gross income'' under a literal reading of G.L. c. 62, secs. 2, 3, and 7, the gain is includible for state tax purposes unless specifically excluded by some other provision. (See **B.W. Company v. S.T.C.**, 1976 Adv. Sh. 836). Appellants argue that such exclusion is found in G.L. c. 62, sec. 63, as amended by c. 723 of the Acts of 1973.

The statute as amended reads as follows:

''For purposes of this section, the term 'installment transaction' means any transaction which: (1) is treated for federal income tax purposes under sections four hundred and fifty-three (a) or (b) of the Code, **and**

(2) would, but for the application of section four hundred and fifty-three of the Code, result in an item of gross income for the **taxable year of the transaction.**'' ( emphasis added)

The appellants qualify under subsection (1) because the transaction was treated for federal purposes under I.R.C. sec. 453. But they fail under subsection (2) because in the taxable year of the transaction (1970) the transaction would not have resulted in an item of gross income. (See, **Dogon v. S.T.C.**, 1976 Adv. Sh. 1915, fn.6 at 1919).

Consequently the gain is includible for state tax purposes and the appellee was correct in its assessment of the additional tax.

With regard to the issue of constitutionality involving retroactive application, the board notes that with St.

599

state purposes was defined as "federal gross income" which includes "all income from whatever source derived". (IRC sec. 61(a) ). This new definition for state tax purposes is unambiguous and all-inclusive. See, **Ingraham v. State Tax Commission,** 368 Mass. 242 (1975). Thus, the federal statutes, regulations and any interpretations of the federal courts would apply and have some bearing. See, **D. L. Barnes, Jr. et al v. State Tax Commission,** 363 Mass. 589 (1973); **Ingraham v. State Tax Commission,** supra.

The matter of a **change** in tax laws was addressed in **Piccione v. Commissioner of Internal Revenue,** 440 F2d 170, **cert. den.,** 404 U.S. 828 (1971). The case involved a similar situation in the sale of a copyright. The appellant sought to have the realized gain spread over a number of years, but argued that it should be taxed under the laws in effect at the date of the sale. The Court held as follows:

"Tax liability is not a contract . . . Nor has the government ever represented that future years would not bring changes in the tax laws. When a taxpayer chooses to spread the realization of income from a transaction over a number of years . . . the government does not violate due, process by taxing that income under the revenue laws in effect in the year in which it is received and reported." p. 173.

In this instance, a payment was received in 1973 as a result of a transaction in 1970. The gain was includible for federal tax purposes and for 1973 was includible for state tax purposes. Further there is no provision in c. 62 which would remove the gain from Massachusetts gross income.

The transaction in 1970 is not being taxed. What is being taxed is the receipt of income in 1973. By choosing the

be in force at their maturity." **Snell v. Commissioner of Internal Revenue,** 97 F2d 891 (5th Cir. 1938).

Our decision for the appellee was promulgated on July 16, 1979.

APPELLATE TAX BOARD
**By John P. Mulvihill,** Chairman
A True Copy,
Attest:                    Richard B. Willis
                           **Clerk of the Board**

## STIPULATION OF FACTS

It is hereby stipulated that the following facts may be taken as true, subject to the right of either party to introduce evidence not inconsistent with the facts herein stipulated and the right of either party to object to the materiality of the facts stipulated.

1. This is an appeal, pursuant to Section 45 of Chapter 62 of the General Laws, from the refusal of the Appellee to abate income tax assessed to the Appellants with respect to money received during the 1973 calendar year.

2. The Appellants are Carl C. and Rosina B. Johnson, husband and wife, with a legal residence at 83 Concord Road, Weston, Massachusetts, at all times pertinent hereto.

3. On or about July 31, 1970, the Appellants sold certain unimproved real property contiguous to their residence in Weston, Massachusetts, for a total purchase price of $180,000. The Appellants received the purchase price for said property in the form of $45,000 in cash and a promissory note of the purchasers in the principal amount of $135,000, payable in three equal annual installments of $45,000 due on the 31st day of July, 1971, 1972, and 1973.

4. The Appellants filed an income tax return (Form 1) for the calendar year 1970 on or before April 15, 1971 with the Commissioner of Corporations and Taxation of the Commonwealth of

resulting from said sale on said Massachusetts 1970 calendar year return because the gain realized was not subject to taxation under Massachusetts statutes as amended and in effect for the taxable year.

6. The Appellants filed an income tax return (Form 1040) for the calendar year 1970, on or before April 15, 1971, with the District Director of Internal Revenue of the United States of America. The Appellants reported the sale of said property on said return and elected to be taxed on the capital gain resulting from said sale for federal income tax purposes on the so-called "installment basis" as permitted by Section 453 of the Internal Revenue Code of the United States of America (the "Code") as amended and in effect for the taxable year.

7. At no time prior to the filing of the Appellants' 1970 income tax return, or thereafter, did the Appellants seek, or the State Tax Commission grant, permission to report the sale of said real property on the so-called "installment basis" as permitted by Chapter 62, Section 63 of the General Laws of the Commonwealth of Massachusetts, as said statute was then in effect, or as subsequently amended.

8. The Appellants reported capital gain with respect to the 1970 sale of real estate in their 1971 and 1972 federal gross income under the provision of Section 453 of the Code and not in their 1971 and 1972 Massachusetts gross income.

9. The proceeds received with respect to the 1970 sale of real estate during the 1971 and 1972 calendar years were not subject to taxation under Massachusetts statutes as amended and in effect for the 1971 and 1972 calendar years.

10. On or about July 31, 1973, the Appellants received a payment of $45,000 on account of the promissory note issued by the purchasers of said real property. A portion of this payment, $38,025.00, was includable in the federal gross income of the Appellants for the 1973 calendar year under the provisions of Section 453 of the Code.

11. On or before April 15, 1974, the Appellants filed a joint Resident Individual Income Tax Return for the 1973 calendar year showing a total tax due the Commonwealth of Massachusetts of $2,402.00, which amount was duly paid on or before April 15, 1974.

12. The Appellants did not include in their Massachusetts gross income for the 1973 calendar year any portion of the capital gain of $38,025.00 includable in their 1973 federal gross income on account of the 1970 sale of real estate.

13. On August 27, 1974, the Commissioner of Corporations and Taxation notified the Appellants of his intention to assess an additional tax stating as his reason:

> "Assessment is the result of taxing the proceeds received on your installment contract in the amount of $38,025.00 which you have excluded from your 1973 Schedule D. Since these proceeds are part of Federal gross income, they are taxable to Massachusetts as a capital gain in Schedule D. See Massachusetts General Laws, Chapter 62, Section 1(k)."

14. On October 15, 1974, the Commissioner of Corporations and Taxation assessed an additional tax of $3,422.25, plus interest of $159.82 for a total of $3,582.07 with respect to the 1973 taxable calendar year of the Appellants.

15. The Appellants paid this additional assessment on or about November 26, 1974.

16. On November 15, 1974 the Appellants mailed, and on November 18, 1974 the Appellee received, an Application for Abatement of $3,582.07, the additional tax assessed with respect to the 1973 calendar year. The Appellants stated as their reason therefor:

> "Taxpayer sold his personal residence in 1970. For purposes of Massachusetts taxation, the sale of a personal residence at that

time was nontaxable. For purposes of Federal taxation, the taxpayer elected to report the gain on the installment basis in accordance with Section 453 of the Internal Revenue Code. The proposed assessment by the Commissioner is attempting to tax the taxpayer on the installment payments received. Since the transaction was nontaxable in Massachusetts, the taxpayer made no election to be taxed on the installment basis, nor did the Commissioner require him to post a bond, as is required when a taxpayer elects the installment method in a taxable transaction in Massachusetts. The entire transaction was consummated in 1970, when the sale was nontaxable. Accordingly, no amount of the gain is taxable when received.

"It is hereby requested that the taxpayer's return for 1973 be accepted as filed and that such assessment and interest be abated."

17. On January 7, 1975, the Appellee mailed the Appellants a notice of Disallowance of Application for Abatement.

18. On January 28, 1975, the Appellants timely appealed to this Board.

STATE TAX COMMISSION